**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY MILLER,

        Plaintiff,

v.                               Case No. 05-CV-71223-DT

UNITED STATES ATTORNEY GENERAL,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF JURISDICTION**

Pending before the court is Defendant United States Attorney General's May 17, 2005 Motion to Dismiss Plaintiff Larry Miller's *pro se* March 29, 2005 "Suit to Recover Overpayment of Federal Income Taxes" for the years 1999-2002.  The motion stands unopposed, and for the reasons stated below the court will conduct no oral argument, E.D.Mich. L R 7.1(e)(2), grant Defendant's motion and dismiss the case.

**I.  BACKGROUND**

On October 9, 2002, Plaintiff contacted the Internal Revenue Service ("IRS") in an effort to recover $21,044.86, that he claims he erroneously paid in income taxes for the years 1999-2002.  (Pl.'s Compl. at 1.)  Plaintiff communicated to the IRS that no income taxes had been assessed against him for those years, and requested that the agency refund the money he paid to the United States government.  (*Id.* at ¶ 2.)  Plaintiff claims that the IRS rejected his claim and informed him that he actually owed the Government $101,123 in taxes for those years.  (*Id.* at ¶ 5.)  Plaintiff claims that "unless

an 'assessment' of an 'imposed' tax 'has been made[,]' the imposed tax cannot be 'collected by levy or by a proceeding in court.'"  (*Id.* at ¶¶ 6-7.)

For the years in question, Plaintiff filed blank 1040 forms with zeroes filled in for wages, total income, and adjusted gross income.  He also submitted letters stating that he did not believe the IRS established income tax liability and demanded the return of the money that had been withheld.  (Def.'s Mot. at 2; Pl.'s Compl. at Ex. 1.)  The IRS assessed penalties against Plaintiff for each year in the amount of $500.00.  (Def.'s Mot. at 2; Pl.'s Compl. at Exs. 2-3.)  On May 20, 2004 the IRS informed Plaintiff that he owed income taxes of $101,123.00 for tax years 1999-2002.  (Def.'s Mot. at 2; Pl.'s Compl. at Ex. 4.)  Plaintiff argues that the IRS cannot change the amounts on a return and demand higher payment nor impose penalties on allegedly "frivolous" returns.  (Pl.'s Mem. of Law at ¶ 10.)

Plaintiff filed his Complaint in this court on March 29, 2005, along with an attached "Memorandum of Law."  In its Motion to Dismiss, the Government argues that the court does not have subject matter jurisdiction over Plaintiff's claims because his complaint fails to allege that he complied with all the conditions set forth in 26 U.S.C. §7422 and 28 U.S.C. §1346(a)(1) as Plaintiff has not paid the tax liability for the period in question.

## II.  STANDARD

It is axiomatic that the court must have subject matter jurisdiction over Plaintiff's claims and that dismissal under Rule 12(b)(1) is proper if such jurisdiction does not exist.  Federal courts are courts of limited jurisdiction; they exercise only that authority

conferred on them by Article III and congressional enactments pursuant thereto.

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Additionally, a

federal court has an obligation to satisfy itself that it has subject matter jurisdiction and

a plaintiff in federal court has the burden of pleading sufficient facts to support the

existence of the court's jurisdiction.  Fed. R. Civ. P. 8; *Chemical Leaman Tank Lines,*

*Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999); *Cameron v.*

*Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997).

When a defendant challenges subject matter jurisdiction, the plaintiff has the

burden of proving jurisdiction.  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.

1986).  In examining whether subject matter jurisdiction exists, the court is free to weigh

the evidence and satisfy itself as to the existence of it power to hear the case.  *RMI*

*Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### III.  DISCUSSION

Plaintiff brought his suit under 28 U.S.C. §1331, 28 U.S.C. §1346(a)(1), and 26

U.S.C. §7422.  Sections 1331 and 1346(a)(1) grant jurisdiction to the court to hear suits

for tax refunds.  Section 1346(a)(1) states that district courts have original jurisdiction

over any "civil action against the United States for the recovery of any internal revenue

tax alleged to have been erroneously or illegally assessed or collected, . . . or any sum

alleged to have been excessive or in any manner wrongfully collected under the internal

revenue laws."  28 U.S.C. 1346(a)(1).  The relevant portion of the 26 U.S.C. § 7422

provides:

> No suit or proceeding shall be maintained in any court for the recovery of any
> internal revenue tax alleged to have been erroneously or illegally assessed
> or collected, or of any penalty claimed to have been collected without

3

authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. 7422(a).  One of the requirements established by the Supreme Court is that payment of the tax amount claimed is a condition precedent to the right to sue.  *Flora v. U.S.*, 357 U.S. 63, 68 (1958); *Martin v. Comm'r of Internal Revenue*, 753 F.2d 1358 (6th Cir. 1985).  The Court in *Flora* held that "full payment of an assessed tax" is a "condition precedent to the right to sue the collector for a refund."  *Flora*, 357 U.S. at 68.

In the pending motion, the Government asserts that Plaintiff has not fulfilled the requirements necessary to bring the suit, presenting a number of documents listing the balances owed by Plaintiff for the tax years in controversy.  (Def.'s Mot at Ex. A.)

Plaintiff, having the burden of demonstrating jurisdiction under Fed. R. Civ. P. 12(b)(1), has not pointed to admissible evidence demonstrating that he paid the principal amount prior to bringing the suit.[1] Because Plaintiff has not produced evidence that this condition has been met, the court lacks jurisdiction and Defendant's "Motion to Dismiss" must be granted.

## IV.  CONCLUSION

---

[1] No response to Defendant's motion has been filed by Plaintiff. Defendant's motion was filed on May 17, 2005, and, under the Local Rules, a response was due 21 days after service. E.D.Mich. L R 7.1(d)(1)(B). Allowing three additional days for service by mailing (Fed.R.Civ.P. 6), and generously construing the balance of the time computation, a response would have been required not later than mid-June, 2005. The court has sent two notices of hearing relative to the motion (on May 31 and an update on July 1), each of which refer to and explain the Local Rule's time requirements for response. Plaintiff has had ample notice of the need to respond and the deadline associated therewith.

4

IT IS ORDERED that Defendant's "Motion to Dismiss" [Dkt. # 3] is GRANTED.


       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE


Dated:  July 13, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2005, by electronic and/or ordinary mail.


       S/Lisa G. Teets
       Case Manager and Deputy Clerk
       (313) 234-5522